UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THR CALIFORNIA, L.P., | No. 2:13-cv-2320 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| STEVE TAYLOR, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

This action was removed from state court. Defendants have submitted the affidavits required by § 1915(a) showing that defendants are unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). The party invoking removal bears the burden of establishing federal jurisdiction. Hunter v. Philip Morris USA, 582 F.3d 1039 (9th Cir. 2009). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

In conclusory fashion, the removal petition alleges the complaint is subject to diversity jurisdiction. The removal petition, however, does not set forth the amount of controversy and the

1  state court pleadings demonstrate that the action is a limited civil case with the amount demanded
2  not exceeding $10,000. ECF No. 1 at p.8. Removal was therefore improper under 28 U.S.C.
3  § 1332. See 28 U.S.C. § 1446.  Federal question jurisdiction is also lacking. Removal based on
4  federal question jurisdiction is proper only when a federal question is presented on the face of the
5  plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).
6  However, the exhibits attached to the removal petition establish the state court action is nothing
7  more than a simple unlawful detainer action, and the state court action is titled as such.
8  Defendants have failed to meet their burden of establishing federal jurisdiction and the matter
9  should therefore be remanded. See generally Singer v. State Farm Mutual Automobile Insurance
10 Co., 116 F.3d 373, 375-376 (9th Cir. 1997).

11  Accordingly, IT IS HEREBY ORDERED that defendants' request to proceed in forma
12 pauperis (ECF Nos. 2, 3) is granted; and

13  IT IS HEREBY RECOMMENDED that the above-entitled action be summarily remanded
14 to the Superior Court of California, County of San Joaquin, Lodi Judicial Branch.              .

15  These findings and recommendations are submitted to the United States District Judge
16 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
17 after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties. Such a document should be captioned
19 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
20 shall be served and filed within seven days after service of the objections. The parties are advised
21 that failure to file objections within the specified time may waive the right to appeal the District
22 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 Dated:  November 13, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

27 4 thrcal-taylor.remud